IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BONNIE LIVERMORE                      :
3104 51st Avenue, Terrace W            :
Bradenton, FL 34207                    :
       Plaintiff                   :
                                    :
v.                                     :
                                    :
THE HARTFORD LIFE AND                  :
ACCIDENT INSURANCE                     :
COMPANY                                :
1515 Market Street                     :
Philadelphia, PA 19102                 :
       Defendant                   :NO.:

## COMPLAINT

NOW COMES, the Plaintiff, Bonnie Livermore, by and through her Counsel, Pond, Lehocky, LLP, and hereby complains of the above referenced Defendant, The Hartford Life and Accident Insurance Company, (hereinafter referred to as " The Hartford"), as follows:

**I.   STATEMENT OF JURISDICTION:**

1. Jurisdiction is conferred upon this Honorable Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e). This Honorable Court has jurisdiction over all issues raising a federal question and this instant matter involves a disability policy issued to the Claimant through her Employer, thus it is governed by the Employee Retirement Income Security Act of 1974 (ERISA) 29 U.S.C. § 1011, et seq.

## II. VENUE:

2. Venue is proper in this jurisdiction as all actions and occurrences which give rise to the instant action occurred within the jurisdictional boundaries of this Honorable Court. Specifically, under the ERISA statute, venue is proper "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. §1132(e)(2). The Plaintiff's employer/policy holder, Universal Health Services, Inc. has a corporate headquarters located at 367 Gulph Road, King of Prussia, PA 19406, which is in the judicial district of this Honorable Court. Furthermore, the Defendant can be found within the judicial district of this Honorable Court.

## III. FACTS:

3. The Plaintiff, Alicia Banks, is an adult and competent individual with a physical address of 3104 51st Avenue, Terrace W, Bradenton, FL 34207.

4. The Defendant, The Hartford, under information and belief, is a business entity with a business address at 1515 Market Street, Philadelphia, PA 19102.

5. The Hartford is a business entity, which issues disability insurance policies which are governed by the Employee Retirement Insurance Security Act (ERISA), 29 U.S.C. §1011, et seq.

6. On a date certain, The Hartford, issued a policy providing disability

insurance benefits to the Plaintiff through the Plaintiff's employer, Universal Health Services, Inc.

7. The policy of insurance aforementioned provided for an employee benefit plan as defined and covered under the terms of ERISA.

8. At all times material and relevant hereto, all policy premiums due on behalf of the Plaintiff under said policy were paid.

9. At all times material and relevant hereto, the Plaintiff performed all obligations required of her under said contract of insurance.

10. At all times material and relevant hereto, the Plaintiff was a qualified participant in the employee benefit plan provided by The Hartford to the Plaintiff's employer, Universal Health Services, Inc.

11. On a date certain, the Plaintiff filed an application for long term disability benefits with The Hartford and received benefits until January 18, 2022.

12. By correspondence, The Hartford denied the Plaintiff's claim beyond January 18, 2022.

13. The Plaintiff filed an administrative appeal and submitted additional medical records and opinions of her treating doctors in support of her claim. The information provided was sufficient to establish the proof of loss that the Plaintiff suffered in order to support her claim for long term disability benefits beyond January 18, 2022.

14. By correspondence dated October 11, 2022, the Hartford denied the Plaintiff's appeal and advised her of her right to bring a civil action under ERISA.

15. The Hartford acted arbitrarily, capriciously, in a manner serving only its own business interest and in direct violation of ERISA when it denied the Plaintiff's claim for disability benefits.

16. The Plaintiff is entitled to disability insurance benefits under the aforementioned policy as he has satisfied through medical evidence that she meets the definition of disability and provided sufficient proof of loss to the Hartford.

17. The Plaintiff is entitled to recover the benefits due to her under the aforementioned insurance policy in accordance with 29 U.S.C. §1132.

18. As a direct and proximate result of the actions of The Hartford as herein above more particularly described, the Plaintiff has been caused to incur attorneys' fees in an amount not yet known.

19. As a direct and proximate result of the actions of The Hartford, the Plaintiff has sustained damages in an amount not yet known to the Plaintiff; however, upon information and belief, such damages will approximate the amount of benefits due and owing to the Plaintiff from January 18, 2022 until the present and continuing into the future.

WHEREFORE, the Plaintiff, Bonnie Livermore, respectfully requests that judgment be entered against The Hartford as follows:

1. Ordering The Hartford to pay to the Plaintiff, Bonnie Livermore, long term disability insurance benefits from January 18, 2022 to the present and continuing into the future as provided for in the policy of insurance;

2. Awarding the Plaintiff, Bonnie Livermore, prejudgment interest on the award until the date of judgment;

3. Awarding the Plaintiff's attorney's fees, court costs and other reasonable costs incurred for the prosecution of the instant action;

4. Granting such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED,

BY: _____
Michael J. Parker, Esquire
PA Bar ID No.: 93024

Pond, Lehocky, LLP
One Commerce Square
2005 Market Street
18th Floor
Philadelphia, PA 19103
(215)568-7500
Mparker@PondLehocky.com